# MEMORANDUM DECISIONS.

AMERICAN RAILWAY UNION v. UNITED STATES. (Circuit Court of Appeals, Seventh Circuit. March 5, 1896.) No. 197. Appeal from Circuit Court of the United States for the Northern District of Illinois. S. S. Gregory, W. W. Erwin, and W. A. Shumaker, for appellant. Edwin Walker, Sherwood Dixon, and Thomas E. Milchrist, for appellee. Dismissed on consent of counsel.

CENTRAL TRUST CO. OF NEW YORK et al. v. CATON. CENTRAL TRUST CO. OF NEW YORK v. ATLANTA & F. RY. CO. (Circuit Court of Appeals. Fifth Circuit. May 5, 1896.) No. 446. Appeal from the Circuit Court of the United States for the Northern District of Georgia. Henry B. Tompkins and E. E. Watkins, for appellants. R. Arnold, for appellee. Before PARDEE and McCORMICK, Circuit Judges, and SPEER, District Judge.

PER CURIAM. The evidence supports the findings of the master, and the findings of the master support the decree. The decree of the circuit court is affirmed.

CITY OF EVANSVILLE v. DENNETT. (Circuit Court of Appeals, Seventh Circuit.) Questions of law certified to supreme court. For decision of the supreme court, see 16 Sup. Ct. 613.

CRANE ELEVATOR CO. et al. v. STANDARD ELEVATOR CO. et al. (Circuit Court of Appeals, Seventh Circuit. May 4, 1896.) No. 287. Appeal from the Circuit Court of the United States for the Northern District of Illinois. Dismissed on consent of counsel.

DEBS et al. v. UNITED STATES. (Circuit Court of Appeals, Seventh Circuit. March 5, 1896.) No. 196. Appeal from Circuit Court of the United States for the Northern District of Illinois. S. S. Gregory, W. W. Erwin, and W. A. Shumaker, for appellants. Edwin Walker, Sherwood Dixon, and Thomas E. Milchrist, for appellee. Dismissed on consent of counsel.

GABRIELSON v. WAYDELL et al. (Circuit Court of Appeals, Second Circuit. April 7, 1896.) On petition for rehearing. For former report, see 19 C. C. A. 58, 72 Fed. 648. Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. I see no reason to modify the opinion heretofore rendered by this court, but at the same time wish to express my individual opinion that section 405 of the New York Code has no application to the case at bar, which was begun, not after, but before, the reversal or termination of the other action.